IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                           Plaintiff,<br><br>v.<br><br>UNITED STATES CURRENCY<br>in the amount of $124,279.00,<br><br>                           Defendant. | Civil No. |

## VERIFIED COMPLAINT FOR FORFEITURE *IN REM*

Plaintiff, the United States of America, by and through Teresa A. Moore, United States Attorney for the Western District of Missouri, and the undersigned Assistant United States Attorney for said District, brings this complaint and alleges as follows in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure:

## NATURE OF THE ACTION

1. This is a Verified Complaint For Forfeiture *In Rem* brought pursuant to Title 21, United States Code, Section 881(a)(6) for the forfeiture of $124,279.00 in United States currency, for violations of the Controlled Substances Act, Title 21, United States Code Sections 841 et. seq.

## THE DEFENDANT IN REM

2. The defendant property consists of $124,279.00 in United States currency that the Springfield, Missouri, Police Department seized from a residence in Springfield, Greene County, Western District of Missouri, on or about March 27, 2022, and subsequently transferred to the United States Drug Enforcement Administration on May 21, 2024, pursuant to a lawfully issued federal seizure warrant.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over an action commenced by the United States under 28 U.S.C. § 1345, and over an action for forfeiture under 28 U.S.C. § 1355(a). This Court also has jurisdiction over this particular action under 21 U.S.C. § 881(a)(6).

4. This Court has *in rem* jurisdiction over the defendant property pursuant to 28 U.S.C. § 1355(b)(1)(A) because acts or omission giving rise to the forfeiture occurred in this district; pursuant to 28 U.S.C. § 1355(b)(1)(B), incorporating 28 U.S.C. § 1395, because the action accrued in this district; and pursuant to 28 U.S.C. § 1355(b)(1)(B), incorporating 18 U.S.C. § 981(h) and 21 U.S.C. § 881(j), because a criminal prosecution of an owner of the property has been brought in this district and/or an owner of the property is located in this district.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1355(b)(1)(A) because acts or omissions giving rise to the forfeiture occurred in this district; pursuant to 28 U.S.C. § 1395, because the action accrued in this district; and pursuant to 18 U.S.C. § 981(h) and/or 21 U.S.C. § 881(j), because a criminal prosecution of an owner of the property has been brought in this district.

## BASIS FOR THE FORFEITURE

6. The defendant property is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) because it constitutes 1) money, negotiable instruments, securities and other things of value furnished and intended to be furnished in exchange for a controlled substance in violation of the Controlled Substances Act; 2) proceeds traceable to such an exchange; or 3) money, negotiable

instruments, and securities used and intended to be used to facilitate a violation of the Controlled Substances Act.

## FACTUAL ALLEGATIONS

7. In March 2022, Springfield, Missouri, Police Department ("SPD") detectives identified Eric Matthews ("Matthews") as a distributor of fentanyl and marijuana in the Springfield, Missouri metropolitan area.

8. On March 24, 2022, an SPD detective applied for and was granted a Global Positioning System ("GPS") tracker search warrant by Greene County, Missouri, Circuit Judge for a vehicle known to be driven by Matthews.

9. On March 25, 2022, the SPD detective verified through the GPS tracker that Matthews had driven to the St. Louis, Missouri, area. A reliable confidential information ("CI") told the detective that Matthews was making the trip to purchase a large quantity of fentanyl to distribute in Springfield.

10. On March 27, 2022, the same CI told the SPD detective that Matthews had "reupped" and would be returning to Springfield. Using the GPS tracker, SPD located Matthews in St. Clair, Missouri. Members of the SPD-Narcotics Enforcement Team ("SPD-NET") established surveillance and observed Matthews and Robin Garth ("Garth") in a vehicle at a St. Clair highway rest area.

11. Law enforcement conducted a traffic stop of Matthews's vehicle in the Lebanon, Laclede County, Missouri area for speeding and failure to signal a lane change. Garth was identified as the driver and Matthews as the passenger.

12. A canine trained in the detection of narcotics was deployed on the vehicle and discovered two firearms, a user amount of marijuana, and approximately 481 grams of fentanyl.

13. Following his arrest, Matthews claimed that everything in the vehicle was his and not Garth's. Garth was interviewed roadside by SPD-NET investigators, and she advised that she did not know what was going on and she believed Matthews sold only marijuana.

14. Garth provided SPD written consent to search their shared residence in Springfield, Missouri. Garth accompanied law enforcement to the residence. SPD asked Garth if there was any money in the residence. Garth stated that she had just gotten her taxes back and had "maybe $7,000-$8,000" in currency in a safe.

15. Garth took investigators to a bedroom that was locked from the inside. Garth advised that she was unable to find a key for the bedroom and she put a lock on it to prevent her sister from stealing hair products and her kids from stealing money. Garth consented to investigators forcibly making entry into the room.

16. In the bedroom, investigators located 50 grams of fentanyl, marijuana, drug paraphernalia, a Palmetto Armory AK-47 with a loaded drum magazine, additional ammunition, a blender with residue, a green tub with approximately 43.6 grams of assorted pills, a loaded Ruger .380 pistol, and a small amount of United States currency.

17. Investigators located a safe in the closet of the bedroom, and Garth once again advised that there was "approximately $7,000-$8,000 inside." Garth advised that she purchased the safe and that it belonged to her, but that she had given Matthews the code to the safe just in case he needed to get something out of it.

18. Garth provided a code to the safe, but the code did not work and generated an audible alarm. Investigators received consent to forcibly open the safe. Once open, investigators located the defendant property, amongst other items.

19. Once all items were located in the safe, Garth asked multiple times what was in the safe and immediately stated that she did not want to know. Garth told investigators to "take everything" and that she was unaware of any of "that" being inside the safe. SPD seized the contents of the safe, including the defendant property.

20. On April 19, 2022, an SPD-NET officer conducted a traffic stop on a black Cadillac CTS driven by Matthews in Springfield, Missouri. Matthews was arrested due to an outstanding probation violation warrant and the vehicle was searched.

21. During the search, the SPD-NET officer located two plastic bags underneath the driver's side floor mat, containing a white powdery substance that later tested positive as fentanyl, and weighed approximately 100 grams.

22. On March 29, 2022, a petition for civil forfeiture for the defendant property was timely filed by the Greene County, Missouri, Prosecuting Attorney's Office ("GCPA").

23. On April 26, 2022, a federal grand jury in the Western District of Missouri indicted Matthews for violations of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B), 18 U.S.C. §§ 922(g)(1) and 924(a)(2), and 18 U.S.C. § 924(c)(1)(A) in case number 22-3050-01-CR-S-BP.

24. The Missouri Department of Labor indicated that Matthews and Garth had no declared income with the State of Missouri in the five years prior to the seizure of the defendant property on March 24, 2022.

25. On April 4, 2024, the GCPA agreed to dismiss the State of Missouri's civil forfeiture complaint and cede jurisdiction over the defendant property to federal authorities pursuant to a seizure warrant issued by United States Chief Magistrate Judge Willie J. Epps.

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF

26. The Plaintiff repeats and incorporates by reference the paragraphs above.

27. Defendant United States currency in the amount of $124,279.00 constitutes money, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of 21 U.S.C. § 801, *et seq.*, and therefore is forfeitable to the United States pursuant to 21 U.S.C § 881(a)(6).

### SECOND CLAIM FOR RELIEF

28. The Plaintiff repeats and incorporates by reference paragraphs 1 through 25.

29. Defendant United States currency in the amount of $124,279.00 constitutes proceeds traceable to an exchange of money, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of 21 U.S.C. § 801, *et seq.*, and therefore is forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(6).

### THIRD CLAIM FOR RELIEF

30. The Plaintiff repeats and incorporates by reference paragraphs 1 through 25.

31. Defendant United States currency in the amount of $124,279.00 constitutes money, negotiable instruments, securities, or other things of value used or intended to be used to facilitate any violation of 21 U.S.C. § 801, *et seq.*, and therefore is forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(6).

WHEREFORE the United States prays that the defendant property be forfeited to the United States, that the plaintiff be awarded its costs and disbursements in this action, and for such other and further relief as the Court deems proper and just.

    Respectfully submitted,

    **TERESA A. MOORE**
    United States Attorney

By:   */s/ Anthony M. Brown*
    Anthony M. Brown
    Assistant United States Attorney
    Missouri Bar No. 62504
    901 East St. Louis St.
    Suite 500
    Springfield, Missouri 65806
    Telephone: 417-575-8167
    E-mail: Anthony.Brown2@usdoj.gov

## VERIFICATION

I, Task Force Officer Nicholas C. Mittag, hereby verify and declare under penalty of perjury that I am a Task Force Officer with the Drug Enforcement Administration, that I have read the foregoing Verified Complaint in Rem and know the contents thereof, and that the factual matters contained in paragraphs seven through 25 of the Verified Complaint are true to my own knowledge, except that those matters herein stated to be alleged on information and belief and as to those matters I believe them to be true.

The sources of my knowledge and information and the grounds of my belief are the official files and records of the United States, information supplied to me by other law enforcement officers, as well as my investigation of this case, together with others, as a Task Force Officer of the Drug Enforcement Administration.

I hereby verify and declare under penalty of perjury that the foregoing is true and correct.

Dated 10/8/2024

/s/ Nicholas C. Mittag
Nicholas C. Mittag
Task Force Officer
Drug Enforcement Administration