IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 6:24-cv-03287-MDH |
| | ) | |
| UNITED STATES CURRENCY | ) | |
| in the amount of $124,279.00, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the Court is Eric Matthews Motion to Set Aside, Dismiss and Preclude the Government from Effecting a Civil Forfeiture. (Doc. 12). The Government has filed its suggestions in opposition (Doc. 13) and Mr. Matthews has filed his reply. (Doc. 16). The motion is now ripe for adjudication on the merits. For the reasons set forth herein, Defendant's Motion to Dismiss is **DENIED**.

## BACKGROUND

On March 27, 2022, law enforcement officers with the Laclede County, Missouri, Sheriff's Office conducted a traffic stop of a vehicle at the prompting of a Springfield, Missouri, Police Department ("SPD") detective. The vehicle was being driven by Eric Matthews and Robin Garth. During the search officers located 481 grams of fentanyl. Mrs. Garth provided officers written consent to search their shared residence in Springfield, Missouri. During the search of the residence, SPD officers located 50 grams of fentanyl, marijuana, drug paraphernalia, firearms and ammunition, 43.6 grams of assorted pills, a small amount of currency, and a safe. Mrs. Garth

1

consented to search of the safe and officers discovered United States currency in the amount of $124,279.00.

On March 29, 2022, the Greene County Missouri, Prosecuting Attorney filed a petition for civil forfeiture against the Defendant Property under Missouri's Criminal Activity Forfeiture Act ("CAFA") Mo. Rev. Stat. § 513.600. On April 4, 2024, the Green County Prosecuting Attorney agreed to dismiss the CAFA case against the Defendant Property upon being served with a federal seizure warrant. On May 16, 2024, a seizure warrant was issued for the Defendant Property. On May 21, 2024, the warrant was served by the United States Drug Enforcement Agency ("DEA") upon SPD's evidence officer and the Defendant Property was seized and transferred into federal custody for nonjudicial forfeiture. The Greene County Prosecuting Attorney than dismissed its CAFA case against the Defendant Property on May 28, 2024.

On June 11, 2024, the DEA sent notice of an administrative forfeiture action against the Defendant Property to Eric Matthews and Robin Garth. On October 9, 2024, the United States Attorneys Office filed its Complaint for Forfeiture in Rem against the Defendant Property. (Doc. 1). Notice was sent to potential claims on October 15, 2024. Service was executed on the Defendant Property on October 16, 2024. (Doc. 8). Publication of the Defendant Property and the current action occurred between October 16 and November 14, 2024. No party filed a verified claim and on motion this Court granted and issued a clerk's default on January 21, 2025. (Doc. 10 and 11). Mr. Matthews filed the instant motion two days later on January 23, 2025. (Doc. 12).

## ANALYSIS

Mr. Matthews argues three reasons why this Court should set aside, dismiss and preclude the Government form effecting a civil forfeiture. First, Mr. Matthews asserts the Government civil

forfeiture was unlawful in that the federal government failed to obtain a state turnover order as required under 18 U.S.C. § 983(a)(1)(A)(iv) and Missouri Revised Statutes 513.647 through 513.653. Second the Government failed to give Mr. Matthews and/or interested parties 90 days' notice from the date of the state of law enforcement seizure as required under 18 U.S.C. § 983(a)(1)(A)(iv). Lastly, Mr. Matthews argues the Government's attempt to seize the U.S. currency is excessive and in violation of the Eighth Amendment Excessive Fines Clause and is disproportionate to the alleged criminal conduct. The Court will take each argument in turn.

## I.      Standing

The Government asserts Mr. Matthews has not filed or attempted to file a verified claim under penalty of perjury and lacks standing to bring a motion to dismiss or a motion to mitigate a forfeiture under the Excessive Fines Clause under Supplemental Rule G(8)(b). Mr. Matthews argues he could not file a claim because he never received notice. Additionally, Mr. Matthew asserts that the notice sent wat was well beyond the 90 days after local law enforcement seizure date of March 27, 2022, and that his property should be returned due to the failure to provide him with the congressionally mandated 90-day notice.

Supplemental Rule G of the Supplemental Rule for Admiralty or Maritime Claims and Asset Forfeiture Actions governs a forfeiture action in rem arising from a federal statute. Fed. R. Civ. P. Supp. R. G(1). "A claimant who establishes standing to contest forfeiture may move to dismiss the action under Rule 12(b)." Fed. R. Civ. P. Supp. R. G(8)(b)(i). "A person who asserts an interest in the defendant property may contest the forfeiture by filing a claim in the court where the action is pending." Fed. R. Civ. P. Supp. R. G(5)(a)(i). "Unless the Court for good cause sets a different time, the claim must be filed: [b]y the time stated in a direct notice sent under Rule G(4)(b)." Fed. R. Civ. P. Supp. R. G(5)(a)(ii)(A).

3

Here, Mr. Matthews does not have standing to pursue a motion to dismiss. Mr. Matthews has failed to submit a claim in a timely fashion as mandated by Supplemental Rule G. The Government sent notice to interested parties on October 15, 2024. (Docs. 3-7). Mr. Matthews was sent a notice of complaint of forfeiture through his attorney. (Doc. 3). The notice detailed the forfeiture complaint and the steps to take of file a verified claim. *Id*. Mr. Matthews was given 35 days after the date of the notice to file a verified claim pursuant to the Federal Rules. *See* Fed. R. Civ. P. Supp. R. G(4)(b)(ii)(B). No party filed a verified claim and a motion for an order of clerk's default was filed on January 17, 2025 (Doc. 10) and entry of default was entered on January 21, 2025 (Doc. 11).

Mr. Matthews argues that the Government failed to give him his 90-day notice. Mr. Matthew relies on 18 U.S.C. § 983(a)(1)(A)(iv) which states that when property is seized by a State or local law enforcement agency and turned over to a Federal law enforcement agency for the purpose of forfeiture under Federal law, notice shall be sent not more than 90 days after the date of seizure by the State or local law enforcement agency. 18 U.S.C. § 983(a)(1)(A)(iv). However, 18 U.S.C. § 983(a)(1)(A)(iv) does not apply as the Defendant Property was not turned over but was rather seized by the DEA by issuance of a federal warrant. *See In re Seizure Warrant for $374,100 in U.S. Currency in Custody of Kansas City Police Dep't*, 825 F. Supp. 2d 1002, 1003 (W.D. Mo. 2011); *see also United States v. Check No. 25128 in Amount of $58,654.11*, 122 F.3d 1263, 1265 (9th Cir. 1997) (argument that state turned over property to federal government without complying with state forfeiture law not available because state turned over nothing to DEA; rather, DEA seized check by its own authority under federal warrant issued.).

Here, the Government has 60 days after the date of seizure to send notice to any potential claimants. 18 U.S.C. § 983(a)(1)(A)(i). The DEA seized the Defendant Property on May 21, 2024.

4

The Government thus had until July 20, 2024, to notify interested parties. The DEA then sent notice of an administrative forfeiture action against the Defendant Property to Mr. Matthews and Ms. Garth on June 11, 2024.  The DEA then received on July 18, 2024, a timely claim under 18 U.S.C. § 983(a)(3)(A) from Ms. Garth (Doc. 13-1) which the DEA then referred the case to the U.S. Attorney's office for further action. (Doc. 13, pages 2-3). Mr. Matthews asserts he was never provided notice on June 11, 2024, as he was incarcerated.  (Doc. 16, page 4). Even though Mr. Matthews asserts he never received notice, there is sufficient evidence to show that the DEA did send out notices pursuant to 18 U.S.C. § 983(a)(1)(A)(i). Further, Mr. Matthews had the opportunity to still make a claim once he received notice from the Government on October 15, 2024, for a 35-day period which he failed to do. (Docs. 3 and 13-2). For the reasons stated, Mr. Matthews does not have standing to bring his motion for dismissal based on Federal Rule of Civil Procedure Supplemental Rule G(8)(b)(i).

## II.     Other Arguments

As Mr. Matthews does not have standing to bring his Motion to Set Aside, Dismiss and Preclude the Government from Effecting a Civil Forfeiture the Court need not further elaborate on Mr. Matthews other claims.

## CONCLUSION

For the reasons stated, Defendant's Motion to Set Aside, Dismiss and Preclude the Government from Effecting a Civil Forfeiture is **DENIED**.

**IT IS SO ORDERED**.

DATED: March 27, 2025

*/s/ Douglas Harpool*
**DOUGLAS HARPOOL**
**UNITED STATES DISTRICT JUDGE**